**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES DEAN HANNA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 4:25-cv-01342-ACL |
| | ) |
| ST. CHARLES COUNTY | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Self-represented Plaintiff James Dean Hanna brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights.  The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs.  [Doc. 6].  Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee.  *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915.  Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

### Motion to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(b)(1), when a prisoner brings a civil action *in forma pauperis*, the prisoner must pay the full amount of the filing fee, usually in the form of an initial partial payment and then installment payments over time.  However, a non-prisoner plaintiff can litigate without payment of any fees if he qualifies under the general *in forma pauperis* provision of 28 U.S.C. § 1915(a)(1).

"Federal circuit authority is split on the question of whether the PLRA [Prison Litigation Reform Act] prison litigation provisions of § 1915 continue to govern if and after the prisoner is released *pendente lite* (that is, during the litigation).  The Fifth, Seventh and District of Columbia Circuits have held that the full payment requirement is triggered upon the filing of the (as applicable) complaint or notice of appeal. … The Second, Fourth, Sixth and Tenth Circuits have concluded to the contrary, that the requirements of the PLRA do not continue to apply after the plaintiff is released." *Putzer v. Attal*, 2013 WL 4519351, at *1 (D. Nev. Aug. 23, 2013) (internal citations omitted).

The Eighth Circuit has not ruled on this issue.  However, in this case, Plaintiff was released shortly after filing this case and before the Court had ruled his motion for *in forma pauperis* status and ordered an initial partial payment.  Therefore, the Court will consider Plaintiff as he currently stands at the time of the review of his motion – as a non-prisoner plaintiff under 28 U.S.C. § 1915(a)(1).  Based on the financial information submitted, the Court finds that Plaintiff does not have sufficient funds to pay the filing fee and will grant his motion.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir.

2

2015).  However, even self-represented plaintiffs are required to allege facts which, if true, state

a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980);

*see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts

or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and

"[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere

conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must

demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

*Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and

common sense.  *Id.* at 679.

### The Complaint

Plaintiff, a former pretrial detainee at St. Charles County Jail, brings this action under 42

U.S.C. § 1983, against the St. Charles County Department of Corrections.  [Doc. 1 at 1-2].

Plaintiff alleges that he contracted Hepatitis B while in the Defendant's custody at the Jail, and

that he did not receive "proper" medical treatment for it.  [*Id.* at 3-4].  According to Plaintiff,

Defendant's "perpetual neglect and woefully inadequate facilities, training, and procedures for

medically unfit inmates are directly and solely responsible for the plaintiff's contraction of

Hepatitis B."  [*Id.* at 3].  Presumably Plaintiff considers himself to be a "medically unfit inmate"

due to his history of pancreatic cancer, a heart condition, high blood pressure, COPD, prior

gallbladder removal, and because he previously had "whipple surgery where half [his] pancreas

was removed."  [*Id.* at 5; Doc. 1-1 at 1].

Plaintiff states that his June 22nd bloodwork (done at St. Joseph's Mercy Hospital) was negative for Hepatitis B, but that his July 19th bloodwork (also done at a hospital[1]) was positive, and that he was in the Defendant's custody during the intervening period.  [Docs. 1 at 4, 1-1 at 1].  Despite Plaintiff having his blood drawn at least three times at a hospital by non-Defendant medical staff during the relevant period, Plaintiff claims that the medical staff at the St. Charles County Jail took his blood multiple times between June 22 and July 19, and that these "inadequately trained medical staff employed by the defendant exposed the plaintiff to Hepatitis B." [Doc. 1 at 4].  It is unclear how Plaintiff knows that his contraction of Hepatitis B resulted from his blood draws done by Defendant's medical employees versus those done by hospital employees (or some other exposure at the Jail).

After Plaintiff was diagnosed with Hepatitis B in July 2025, he states that he was hospitalized for five (5) days.  [Doc. 1-1 at 1].  Plaintiff does not explain if the hospitalization was related to the diagnosis or one of his other medical conditions.  When he returned to the Jail, Plaintiff alleges that "they [did] not do[] anything for me." [*Id.*].  Plaintiff does not explain what he believes they should have done for him.  Plaintiff does complain about being in pain and the Jail's refusal to provide pain medications prescribed by a doctor—he claims that this is unfair because the Jail did provide strong medications to inmates who were experiencing withdrawal from opiates.  [*Id.* at 1-2].  Still, Plaintiff does not allege that the pain was related to his Hepatitis B diagnosis versus being related to any of his other medical conditions.

In summary of his injuries, Plaintiff asserts that he contracted Hepatitis B while in Defendant's custody and that he was not "provided any proper treatment … during said confinement to remedy [the] newly acquired affliction." [*Id.*].  For relief, Plaintiff seeks 2

---

[1] Plaintiff provides conflicting allegations as to whether the positive Hepatitis B test was based on blood drawn at St. Joseph's Hospital (Doc. 1 at 4) or at Mercy South Hospital (Doc. 1-1 at 1).

4

million dollars in damages "for the loss of quality of life and the danger posed to the plaintiff's already diminished health."  [*Id.* at 5].

### Discussion

Based on a careful review and liberal construction of the allegations of the Complaint, the Court finds that this case must be dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings this §1983 action against Defendant St. Charles County Department of Corrections.  However, municipal departments or divisions cannot be held liable under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such" under § 1983).  Regardless, the Court will liberally construe the Complaint as being brought against St. Charles County.[2]  A governmental entity like the County can be sued directly under § 1983.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).  Liability under § 1983 may attach if the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise.  *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).  Thus, there are three ways in which a plaintiff can prove municipal liability.

First, "policy" refers to an "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016).  *See also Russell v. Hennepin Cnty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a

---

[2] To the extent Plaintiff intended to name the St. Charles County Jail as a defendant, such a claim would also be subject to dismissal because jails and local government detention centers are not suable entities under 42 U.S.C. § 1983.  *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming dismissal of § 1983 claim because "county jails are not legal entities amenable to suit."); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (holding that neither county jail nor sheriff's department is a suable entity under § 1983).

course of action … made from among various alternatives by the official or officials responsible … for establishing final policy with respect to the subject matter in question") (internal quotations omitted).

Second, in order to establish a claim of liability based on "custom," the plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, to demonstrate deliberate indifference for purposes of failure to train, a plaintiff must show a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017).

## I.    Contracting Hepatitis B

In this case, Plaintiff does not allege that he contracted Hepatitis B due to any St. Charles County policy.  Nor does he plead any facts from which one could draw an inference that the conduct complained of resulted from an unconstitutional policy.  Instead, he alleges he contracted Hepatitis B due to "perpetual neglect and woefully inadequate facilities, training, and procedures for medically unfit inmates" and "inadequately trained medical staff." [Doc. 1 at 3-4].  Plaintiff seems to be asserting that the method used by Jail medical staff to draw blood from inmates, exposed him to Hepatitis B.  However, these allegations fail as an unconstitutional custom because Plaintiff has not plead or provided evidence of any "continuing, widespread, [or]

6

persistent pattern of unconstitutional misconduct" related to the blood-draw method. *Johnson*, 725 F.3d at 828. A court cannot infer the existence of an unconstitutional policy or custom from a single occurrence. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991). In addition, there is no evidence of a County policymaking official receiving notice of any alleged misconduct and responding with deliberate indifference or tacit authorization. *See Johnson*, 725 F.3d at 828.

Finally, Plaintiff's assertion that the Jail medical staff was "inadequately trained" is not enough to demonstrate a deliberately indifferent failure to train claim. Plaintiff does not allege any pattern of similar violations by untrained employees. *S.M.*, 874 F.3d at 585. Without a factual underpinning, Plaintiff's allegations amount to legal conclusions, which are not entitled to the presumption of truth. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that while "court must accept allegations of fact as true … the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations.").

For these reasons, Plaintiff's Complaint fails to state a §1983 claim against Defendant St. Charles County regarding his alleged exposure and contraction of Hepatitis B while confined in the County's Jail.[3]

## II.   Failure to Treat Hepatitis B

Plaintiff also alleges that he did not receive "proper" treatment after testing positive for Hepatitis B. [Doc. 1 at 4]. Plaintiff states that he tested positive for Hepatitis B on July 19,

---

[3] According to the Eighth Circuit, "pro se status does not excuse [a plaintiff's] failure to name the proper parties." *Jackson v. Mo. Bd. of Prob. & Parole*, 306 F. App'x 333, 333 (8th Cir. 2009). However, to the extent that Plaintiff is attempting to hold the County liable for the actions of one of its employees, a municipality cannot be held liable merely because it employs a tortfeasor. *See A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality … cannot be liable on a respondeat superior theory"); *see also Andrews v. Fowler*, 93 F.3d 1069, 1074 (8th Cir. 1996) ("A local government may not be sued under [42 U.S.C.] § 1983 for an injury inflicted solely by its employees or agents on a theory of respondeat superior").

2025, after which he spent five (5) days in the hospital. Upon returning to the St. Charles County Jail, Plaintiff complains that he was provided no care for the Hepatitis. Plaintiff does not assert any unconstitutional policy, custom, or deliberately indifferent failure to train related to these allegations, as is required to state a § 1983 claim based on *Monell* municipal liability against St. Charles County. *See also Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Liberally construing the Complaint, Plaintiff could be attempting to assert that the St. Charles County Jail fails to provide appropriate and sufficient medical care to all inmates diagnosed with Hepatitis B. This claim also fails. To prevail on an Eighth Amendment claim of deliberate indifference,[4] a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and deliberately disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (internal quotations and citation omitted).

---

[4] The Fourteenth Amendment's Due Process Clause is used to evaluate pretrial detainee's claims of deliberate indifference, whereas the Eighth Amendment is used to evaluate claims of convicted prisoners. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). However, this distinction "makes little difference as a practical matter," because the same standard is applied. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) ("Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment."); *see also Vaughn v. Greene Cnty.*, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim).

In this case, although Plaintiff tested positive for Hepatitis B, he does not state a medical need related to that diagnosis that was deliberately disregarded.  Plaintiff does not allege any specific medical care that he should have received but was denied.  In fact, the Court notes that according to the U.S. Centers for Disease Control and Prevention, Hepatitis B is typically treated with "rest and a balanced diet with healthy food and plenty of fluids" and that although there are medications available for patients with chronic Hepatitis B virus infection, "not every person with chronic hepatitis needs medication."  *See CDC: Hepatitis*, https://www.cdc.gov/hepatitis-b/hcp/clinical-care/index.html (last visited on March 2, 2026).  *See also Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) ("[I]nmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment.").

Furthermore, Plaintiff was only in the custody of the St. Charles County Jail for approximately six (6) weeks between his diagnosis and the filing of this case.  [Doc. 1 at 4, 9 (complaint signed on September 2, 2025)].  "The Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish."  *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009).  However, to the extent that Plaintiff is trying to allege a claim based on a delay in receiving medical treatment for Hepatitis B, this claim also fails.  When a delay in treatment is alleged to have violated an inmate's constitutional rights, a court measures the objective severity of the deprivation "by reference to the *effect* of the delay in treatment."  *Jackson v. Riebold*, 815 F.3d 1114, 1119 (8th Cir. 2016) (internal quotation marks omitted) (quoting *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005)).  To support a claim based on a delay in treatment, a plaintiff must present "verifying medical evidence" showing that the delay in treatment had detrimental effects.  *Id.* at 1119-20.  Plaintiff here has provided no such medical evidence.

9

Finally, Plaintiff does state that he was in pain and denied prescribed pain medication. However, he does not state that he was denied pain medication altogether.  A prisoner's disagreement with medical staff's decision to offer him over-the-counter medications, rather than prescription medication, does not constitute deliberate indifference.  *Johnson v. Leonard*, 929 F.3d 569, 576 (8th Cir. 2019).  In addition, Plaintiff does not even specifically assert that the pain he experienced was associated with Hepatitis B and not one of his multiple other health issues.

For all these reasons, Plaintiff's Complaint fails to state a § 1983 claim against Defendant St. Charles County Department of Corrections and this case must be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 6] is **GRANTED** and the filing fee is waived.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint because the Complaint fails to state a claim upon which relief can be granted.  Plaintiff's claims against Defendant St. Charles County Department of Corrections are **DISMISSED without prejudice**.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 5th day of March, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE